MADDOX, Justice
(dissenting).
As I viewed the question presented by the petition for mandamus, it was whether the trial court, in ordering the discovery of certain documents, correctly held that two State statutes regulating the discoverability and admissibility of the decisions, opinions, and actions of medical review committees were unconstitutional as violating the plaintiffs right to trial by jury.[2]
The majority says that the assertion by St. Vincent’s that the trial judge’s order declared the two statutes unconstitutional is incorrect, and that “[t]he trial judge merely observed that if the statutes were construed to preclude all discovery, the statute would ‘amount *232 to unequal treatment under the law.’ ” 652 So.2d at 227.
The majority avoids addressing the constitutional issue that I believe is squarely presented by the mandamus petition, by holding that the constitutional issue could be reached by this Court only when it is raised by a party at the trial level and the attorney general is served, and by holding that this procedure was not followed in this case.
The law stated in the opinion regarding how a constitutional question is raised and preserved is sound, but, it seems to me, is inapplicable here, because the trial court, acting on its own or upon the request of one of the parties, definitely based its ruling on the constitutionality of the two statutes. I quote the trial court’s order to demonstrate this:
“Stuart Pharmaceuticals cannot properly or effectively defend itself in this case without these materials (which have twice previously been ordered produced). Without the benefit of said materials, the posture of Stuart Pharmaceuticals is such that it cannot effectively prepare its defense, cannot meaningfully move for summary judgment, cannot meaningfully resist a Motion for Summary Judgment filed by plaintiff and, by virtue of its present condition, cannot even meaningfully explore settlement possibilities.
“Hence, this Court restates its practice of seeking to ensure the ends envisioned by our Legislature in affording protection to medical providers as respects quality assurance and control; however, where these ‘protections’ afforded, a medical provider, concomitantly deprive a litigant of its ability to be afforded a full and fair trial by jury, the undersigned hereby declares that the intent of the legislature in its enactment of Title 22, Chapter 21, Section 8 and Title 34, Chapter 24, Section 58, Code of Alabama, was to enable described medical providers to consistently endeavor to improve, review, research, investigate and promulgate policies, practices and procedures which would continuously monitor and improve the level of care provided to hospital patients.

“To enforce or construe the aforementioned Code sections in such a manner as to deprive or deny Stuart Pharmaceuticals its right or ability to demonstrate its own measures directed toward the improvement, review, research, investigation and loss prevention regarding users of its products would patently amount to unequal treatment under the law.”

(Emphasis added.)
As I read the order, it says that the documents being sought would be protected by the statutes in question, but that the documents must be produced, because the statutes are unconstitutional violations of Zene-ca’s rights to equal protection under the law and to a trial by jury. Consequently, I fail to see how the majority can uphold the order of the trial court without addressing the basic reason assigned by the trial judge for ordering the disclosure of the documents. As I read the order of the trial judge, he said that failure to order discovery here would “deprive a litigant of its ability to be afforded a full and fair trial by jury” and “would patently amount to unequal treatment under the law.” It seems to me implicit in his order that he determined, after his in camera inspection, that the documents were within the scope of the statutory privileges, and that he ordered them produced only because he believed the statutory privileges to be unconstitutional. In other words, if the trial court had found that the documents were not protected from discovery by the statutes, there would have been no need for the trial court to hold that the statutes violated the constitution, as I think the trial court clearly held.
Based on the foregoing, I respectfully dissent. I could set out all the reasons why I think that the Legislature had the power to make the subject documents privileged, but the matter could possibly arise in an appeal if St. Vincent’s suffers an adverse judgment and has previously preserved the issue.

. The trial court declared that §§ 22-21-8 and 34-24-58, Ala.Code 1975, amounted to an unconstitutional deprivation of equal protection of the laws and an unconstitutional deprivation of a right to a full and fair trial by jury.
Section 22-21-8, Ala.Code 1975, reads:
"Confidentiality of accreditation, quality assurance credentialling, etc.
"(a) Accreditation, quality assurance and similar materials as used in this section shall include written reports, records, correspondence, and materials concerning the accreditation or quality assurance or similar function of any hospital, clinic, or medical staff. The confidentiality established by this section shall apply to materials prepared by an employee, ad-visor, or consultant of a hospital, clinic, or medical staff and to materials prepared by an employee, advisor or consultant of an accrediting, quality assurance or similar agency or similar body and to any individual who is an employee, advisor or consultant of a hospital, clinic, medical staff or accrediting, quality assurance or similar agency or body.
"(b) All accreditation, quality assurance cre-dentialling and similar materials shall be held in confidence and shall not be subject to discovery or introduction in evidence in any civil action against a health care professional or institution arising out of matters which are the subject of evaluation and review for accreditation, quality assurance and similar functions, purposes, or activities. No person involved in preparation, evaluation or review of accreditation, quality assurance or similar materials shall be permitted or required to testify in any civil action as to any evidence or other matters produced or presented during the course of preparation, evaluation, or review of such materials or as to any finding, recommendation, evaluation, opinion, or other action of such accreditation, quality assurance or similar function or other person involved therein. Information, documents, or records otherwise available from original sources are not to be construed as being unavailable for discovery or for use in any civil action merely because they were presented or used in preparation of accreditation, quality assurance or similar materials nor should any person involved in preparation, evaluation, or review of such materials be prevented from testifying as to matters within his knowledge, but the witness testifying should not be asked about any opinions or data given by him in preparation, evaluation, or review of accreditation, quality assurance or similar materials."
Section 34-24-58, Ala.Code 1975, reads:
"Decisions, opinions, etc., of utilization review committee privileged.
"(a) The decisions, opinions, actions and proceedings rendered, entered or acted upon in good faith and without malice and on the basis of facts reasonably known or reasonably believed to exist of any committee of physicians or surgeons, acting as a committee of the Medical Association of the state of Alabama, or any state, county or municipal medical association or society, or as a committee of any licensed hospital or clinic, or the medical staff thereof, undertaken or performed within the scope and function of such committee as legally defined herein shall be privileged, and no member thereof shall be liable for such decision, opinion, action or proceeding.
"(b) Within the words and meaning of this section, a committee shall include one formed or appointed as a utilization review committee, or similar committee, or committee of similar purpose, to evaluate or review the diagnosis or treatment of the performance of medical services which are performed with respect to private patients or under public medical programs of either state or federal design, with respect to any physical or mental disease, injury or ailment or to define, maintain or apply the professional or medical standards of the association, society, hospital, clinic or medical staff from, by or for which it was appointed."